WILLIAM M. POWELL, JR., et al., complainants-respondents,

*v.*

SEASHORE PROPERTIES CORPORATION, defendant-appellant.

[Argued May 23d, 1929.   Decided February 3d, 1930.]

*Messrs. Cole & Cole,* for the complainants-respondents.

*Messrs. Endicott & Endicott,* for the defendant-appellant.

The following opinion was prepared by the late Judge White, in compliance with the assignment to him. It clearly expresses the view of the court upon the matters involved in the litigation, and is adopted by the court as its own opinion in the cause.

WHITE, J.

The bill filed in this case was to enjoin the use for commercial purposes in violation of a neighborhood scheme restrictive covenant, of a building at the northeast corner of Huntingdon and Ventnor avenues in Margate City, New Jersey. The restrictive covenant in question provided: "No stores, apartment houses, hotels, boarding house or business houses of any description or character shall be built upon said tract of land, nor shall any building erected or to be erected on said land ever be used for any such purpose." The neighborhood scheme in question covered a real estate dwelling house operation occupying a tract comprising six blocks on Ventnor avenue and twelve blocks in the rear thereof, in Margate City, and known as "Winchester Gardens." It was gotten up and developed by Frank J. Pedrick and Son, who, for the purpose of such development and in order to sell the lots and conduct the improvements necessary therefor, erected upon the site in question a temporary real estate office in which they carried on the development operations. It is also urged that they transacted other real estate business in this temporary office, but knowledge of this fact was not brought home to complainants. Something over two hundred dwelling houses were erected in the development under and in compliance with the provisions of the restrictive covenant, all of which provisions have been consistently complied with therein at all times. Subsequently Pedrick and Son removed the temporary office building and constructed one of more ornate design and in keeping with the other improvements on the property. This new building was also used by Pedrick and Son in the development of the operation, but has now become the property of the Seashore Properties Corporation, who are

attempting to use it as a separate and distinct real estate office and business property not connected in any way with the development or management of the enterprise. The complainant, one of the lot holders in the neighborhood scheme, filed the bill in this case to enjoin such use, and the vice-chancellor advised such injunction which was duly decreed. The sole question involved appears to be whether the use of an office in the development and management of the enterprise at its inception and until its successful accomplishment, constituted an abandonment of the neighborhood scheme upon which the development obviously depended for its success. Clearly the use of such an office for the sale of the lots of the development and for the constructive management of the entire enterprise, including the building of its streets, sewers, utilities and the dwelling houses, if viewed as a separate and distinct enterprise, would violate the provisions of this neighborhood scheme, but on the other hand, it is equally obvious that this very thing was a necessary part of the development of the enterprise to its successful completion. We agree, therefore, with the learned vice-chancellor that such use did not constitute such an abandonment, and for that reason the decree appealed from is affirmed.

*For affirmance*—THE CHIEF-JUSTICE, PARKER, KALISCH, BLACK, CAMPBELL, LLOYD, CASE, BODINE, VAN BUSKIRK, MCGLENNON, KAYS, HETFIELD, DEAR, JJ. 13.

*For reversal*—None.